UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
IVAN JAMES,

                Plaintiff,                      **COMPLAINT**

-against-                                JURY TRIAL DEMANDED

THE CITY OF NEW YORK, COURTNEY
THORPE, and JOHN DOE,

                Defendants.
------------------------------------------------------------------x

Plaintiff, IVAN JAMES, by and through his attorneys, **THE LAW OFFICE OF SCOTT G. CERBIN, ESQ., PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the defendant's violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its Fourth, Fifth and Fourteenth Amendments. The plaintiff seeks damages, affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this court deems just and equitable.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

3. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. § 1391 (a), (b) and (c).

1

## PARTIES

4. Plaintiff IVAN JAMES is 43 years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of Kings. He is of African American ancestry.

5. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

6. Defendants THORPE and DOE are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Defendants THORPE and DOE are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants THORPE and DOE are sued individually.

## STATEMENT OF FACTS

7. On March 24, 2015 at about 5:35 p.m. at the North West corner of Franklin Avenue and Lincoln Place, in Kings County, Plaintiff Ivan James was approached by defendants THORPE and DOE. Mr. James was driving a late model Honda Crosstour and he had just pulled to the curb to let his passenger Franklyn Baptiste exit the vehicle.

8. In a sworn felony complaint Defendant THORPE alleges that he saw Baptiste hand James a "large wad of money". Thorpe further stated that he recovered a bag of heroin from the floor of the vehicle on the front passenger side, and an additional bag from Mr. Baptiste's person.

9. Mr. James avers that Thorpe fabricated the alleged observations, that Thorpe recovered $5,937.00 from James pocket, and that no drugs were found in the car. The misdemeanor amount of drugs were apparently found in Baptiste's pocket after he was unlawfully removed from the vehicle and searched. In fact, Mr. James had no knowledge of the drugs possessed by Baptiste, and the funds recovered from him were related to an event he was promoting the coming weekend at Brooklyn College. Thorpe lied to the district attorney and swore out a perjury laced complaint solely to enable him to charge both Baptiste and James with felony charges.

10. James and Baptiste were arrested and the vehicle and funds were held for seizure. Baptiste was held in lieu of bail while Mr. James was released on his own recognizance from New York County Criminal Court.[1] Shortly thereafter Mr. Baptiste plead guilty to drug possession and received a short prison sentence.

---

[1] While the arrests were made in Brooklyn, the cases were handled by the Special Narcotics Prosecutor in New York County.

11. After several court appearances all charges against Mr. James were dismissed. Mr. James spent a night in custody, had to retain a criminal attorney, and pay a civil settlement amount of $2,000.00 to avoid litigating whether his vehicle should be seized. Additionally, as of the date of this complaint –and despite numerous requests and a district attorney's release- the police department has not returned Mr. James $5,937.00.

### FIRST CAUSE OF ACTION
(Deprivation of federal civil rights under the United States Constitution and 42 U.S.C §§ 1981 and 1983)

12. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

13. By their conduct and actions in arresting, imprisoning, and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants THORPE and DOE, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

14. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CAUSE OF ACTION
(Liability of Defendant the City of
New York for Constitutional Violations)

15. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

16. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants THORPE and DOE had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

17. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants THORPE and DOE had de facto policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

18. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CAUSE OF ACTION
(False Arrest)

19. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

20. By his actions Defendant THORPE falsely arrested plaintiff without probable cause, and caused injury and damage in violation of the plaintiff's constitutional

rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

21. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CAUSE OF ACTION
(Malicious Prosecution)

22. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

23. By his actions Defendant THORPE maliciously prosecuted plaintiff without probable cause, and caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

24. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CAUSE OF ACTION
(Falsification of Evidence)

25. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

26. By his actions in swearing out a false complaint, and lying to the district attorney, defendant THORPE falsified evidence against plaintiff, and caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C.

§§ 1981 and 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

27. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

a. Compensatory damages;

b. Punitive damages;

c. Costs and interest and attorneys' fees;

d. The impaneling of a jury to consider the merits of the claims made herein; and

e. Such other further relief as this court may deem appropriate and equitable.

Dated: Brooklyn, New York
September 15, 2015

Yours, etc.,

**SCOTT G. CERBIN, PLLC**
Counsel for the Plaintiff

By: Scott G. Cerbin (SC5508)
16 Court Street, Suite 2901
Brooklyn, New York 11241
(718) 596-1829